IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CLYDE J. SMITH,

          Plaintiff,

v.                                               CIVIL ACTION NO.   3:14-12507

21st CENTURY NATURAL FUELS, LLC,
a Pennsylvania Limited Liability Company;
21st CENTURY NATURAL FUELS, LLC,
an Ohio Limited Liability Company;
ALTERNATIVE FUEL SOLUTIONS OF
PENNSYLVANIA LLC;
JAMES J. O'DONNELL;
DENNIS J. O'DONNELL; and
DEBORAH A. VASENDA,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Dismiss Plaintiff's Complaint for Lack of Subject

Matter Jurisdiction by Defendants 21st Century Natural Fuels, LLC, an Ohio Limited Liability

Company; Alternative Fuel Solutions of Pennsylvania LLC; James J. O'Donnell; Dennis J.

O'Donnell; and Deborah Vasenda (collectively "Defendants" or "21st Century-OH"). ECF No.

11. Plaintiff, Clyde Smith, opposes the motion. ECF No. 16.   For the following reasons, the Court

**DENIES** the motion.

I.
BACKGROUND

On March 17, 2014, Plaintiff filed a Complaint against Defendants alleging gross fraud and

demanding return of $250,000 and additional damages as warranted. ECF No. 1. Plaintiff's action

arises from an attempt to acquire a membership interest in 21st Century Natural Fuels, LLC, then

organized in Pennsylvania. The following sequence of events is undisputed by the parties:

- In October 2013, 21st Century Natural Fuels, LLC, a Pennsylvania Limited Liability

    Company ("21st Century-PA), prepared and delivered a purchase agreement to Plaintiff.

    The purchase agreement offered a 2.5% interest in "21st Century Natural Fuels, LLC" in

    exchange for $250,000 from Defendant.

    • On October 31, 2013, Plaintiff signed and returned the purchase agreement.

    • Pursuant to the terms of the purchase agreement, on November 1, 2013, Plaintiff

        wired $200,000 to 21st Century-PA—the relevant entity then in existence.

    • Pursuant to the terms of the purchase agreement, $50,000 then owed to Plaintiff by

        21st Century-PA was treated as a down payment upon execution of the agreement.

    • Paragraph 16 of the purchase agreement provides:

        Clyde Smith will receive paperwork showing he is an owner of

        2.5% of 21st Century Natural Fuels after the wire of $200,000 posts.

        21st Century Natural Fuels will start the paperwork and provide

        Clyde Smith with all the necessary paperwork from the Secretary of

        State of Ohio, within 30 working days of this document.

- On November 21, 2013, 21st Century-OH, an Ohio Limited Liability Company, was

    created.

- On November 23, 2013, 21st Century-OH prepared—but did not deliver to Plaintiff—a

    share certificate evincing 2.5% ownership in the Ohio-based LLC.

ECF No. 13; ECF No. 16. Ultimately, on February 7, 2014, not having received any paperwork

showing Plaintiff owned a 2.5% interest in 21st Century-OH as provided for in the purchase

agreement, Plaintiff asserted that the purchase agreement was a mere offer which 21st Century had

failed to accept, and the offer was then rescinded. Defendants assert instead that delivery of the

purchase agreement was the relevant offer, which Plaintiff accepted by returning the agreement

with his signature and immediately conveying $200,000 to 21st Century-PA.

Defendants move to dismiss this action for lack of subject matter jurisdiction, arguing that

that complete diversity between the parties is lacking. ECF No. 13. The citizenship of the parties at

the time of filing is undisputed and as follows:

1. Plaintiff, Mr. Smith, is a citizen of West Virginia.

2. Defendant Mr. James O'Donnell is a citizen of Ohio.

3. Defendant Mr. Dennis O'Donnell is a citizen of Pennsylvania.

4. Defendant Ms. Vasenda is a citizen of Ohio.

5. Defendants 21st Century Natural Fuels, LLC and Alternative Fuel Solutions of
   Pennsylvania, LLC, for purposes of diversity jurisidiction, are each citizens of the
   states where each member is a citizen.

ECF No. 1.

## II.
## DISCUSSION

Under 28 U.S.C. § 1332, federal diversity jurisdiction requires complete diversity between

the parties and an amount in controversy exceeding $75,000. The complete diversity requirement

does not flow directly from the statutory language, but is instead a long-standing, judge-made rule

strictly construing the diversity statute. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Exxon

Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Thus in an action based on

diversity jurisdiction, "the presence in the action of a single plaintiff from the same State as a

single defendant deprives the district court of original diversity jurisdiction over the entire action."

*Allapattah*, 545 U.S. at 553.

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure.   As Plaintiff, Mr. Smith bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). "In general, a district court is permitted to resolve disputed factual issues bearing upon subject matter jurisdiction in the context of a Rule 12(b)(1) motion unless 'the jurisdictional issue and the substantive issues are so intermeshed that the question of jurisdiction is dependent on decision of the merits.'" *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1196-97 (9th Cir. 2008) (quoting *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 735 (9th Cir. 1979).

For purposes of diversity jurisdiction, the Fourth Circuit has held that "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members[.]" *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004)). By extension, a member of a limited liability company cannot bring a federal action on the basis of diversity jurisdiction as complete diversity would be lacking as a matter of course. *Id.* The existence or absence of complete diversity between the parties in this action therefore turns on whether Mr. Smith is a member of 21st Century-OH, a question that depends on a determination of the merits.

-5-

The jurisdictional issue is whether any member of 21st Century-OH shares the same citizenship as Plaintiff, which will only be the case if Plaintiff himself is determined to be a member of 21st Century-OH. The substantive issue is whether, through Plaintiff's conduct of returning a signed purchase agreement and wiring funds, Plaintiff merely made an offer which he was subsequently entitled to rescind, or whether that same conduct was acceptance of an offer made by Defendants thereby conveying membership in 21st Century-OH to Plaintiff. Thus, determination of the substantive issue will necessarily affect determination of the jurisdictional issue.

Because the jurisdictional question is so intermeshed with substantive issues that it becomes dependent on a determination of the merits, the Court cannot resolve the jurisdictional question at this juncture. It should remembered, however, that pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." At this time, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 11, is **DENIED** for the foregoing reasons.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        September 4, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE